UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:23-cr-411-KKM-NHA

ABRAHAM OTHMAN YACOUB

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 49 U.S.C. § 46314(a) and (b)(2), violating airport security requirements, as charged in Count One of the Indictment, are as follows:

First: The defendant was in an airport area that serves an air carrier or foreign air carrier;

Second: The defendant knowingly and willfully violated the security requirements prescribed under 49 U.S.C. §§ 44901, 44903(b) or (c), or 44906.

Third: The defendant did so with the intent to evade security procedures or restrictions or with the intent to commit, in the aircraft or airport area, a felony under a law of the United States or a State.

The essential elements of a violation of 49 U.S.C. § 46505(b)(1), attempted possession of a dangerous weapon on an aircraft, as charged in Count Two of the Indictment, are as follows:

First: The defendant was on, or attempting to get on, an aircraft that was in or was intended for operation in air transportation or intrastate air transportation;

Second: The defendant knowingly had on or about his person or property a concealed dangerous weapon that was or would have been accessible to him in flight.

## PENALTY

The penalty for the offense charged in Count One of the Indictment is ten years of imprisonment, not more than three years of supervised release, a fine of not more than $250,000, and a special assessment of $100. *See* 49 U.S.C. § 46314(b)(2) and 18 U.S.C. § 3571.

The penalty for the offense charged in Count Two of the Indictment is ten years of imprisonment, not more than three years of supervised release, a fine of not more than $250,000, and a special assessment of $100. See 49 U.S.C. § 46505(b) and 18 U.S.C. § 3571.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 924(d)(1), 49 U.S.C. § 46304 and 28 U.S.C. § 2461(c), as outlined in the Indictment. Among the items that will be forfeited are the following: the Glock 19 and assorted ammunition, seized on or about August 4, 2023.

FACTUAL BASIS

On or about August 4, 2023, ABRAHAM OTHMAN YACOUB ("YACOUB") arrived at Tampa International Airport at approximately 7:22 p.m. YACOUB parked in the short-term parking garage. At approximately 7:28 p.m., YACOUB entered a parking garage elevator. After exiting the elevator, YACOUB walked to the main terminal of the airport. YACOUB utilized one of his smartphones to display his boarding pass before boarding the airport tram to his designated terminal.

At approximately 7:35 p.m., YACOUB entered the Transportation Security Administration (TSA) screening line. Approximately ten minutes later, YACOUB placed his backpack, shoes, and other personal items into a TSA bin and proceeded through the TSA screening.

The Hillsborough County Aviation Authority Rules and Regulations for Tampa International Airport state that "[n]o person except those persons authorized by law may carry a firearm or concealed weapon inside the passenger terminal and sterile areas of the airport…" Further, TPA has clearly posted no-firearms signs at the entry of every airport security line.

TSA electronically screened YACOUB's items with an x-ray machine. A TSA agent observed a firearm inside of YACOUB's bag, stopped the machine, and called for a supervisor. While TSA agents were busy attempting to locate the bag containing the firearm, YACOUB took his bag from the conveyor belt and left the TSA line. YACOUB then sat on a bench in the screening area, put his shoes on,

typed on one of his smartphones, and with his backpack, eventually proceeded to the nearest men's restroom. Once in the restroom, YACOUB removed the firearm from his backpack, wrapped it in paper towels, and hid it in a trash can.

A short time later, YACOUB exited the men's restroom and returned to the TSA screening area, still holding his backpack, where he was met by a TSA agent. TSA agents rescreened YACOUB's backpack and questioned YACOUB. YACOUB lied to the TSA agents and told them that he had not brought any firearm into the airport.

In YACOUB's backpack and on his person, TSA found two Apple iPhones and one Apple MacBook Air laptop, and $30,000 in U.S. currency. TSA agents did not locate a firearm in the backpack. Because of their inability to locate the firearm, the terminal had to be evacuated of passengers and numerous flights were delayed.

The TPA Police Department (TPA PD) responded to the screening area, questioned YACOUB, and searched the men's restroom that YACOUB had entered. Inside the trash can in the handicap stall, TSA and TPA PD officers located a black

firearm partially wrapped in toilet paper with 14 nine-millimeter rounds of ammunition inside of a magazine loaded into the gun.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ Karyna Valdes
Karyna Valdes
Assistant United States Attorney
Florida Bar No. 0122261
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Karyna.Valdes@usdoj.gov

U.S. v. Yacoub                                         Case No. 8:23-cr-411-KKM-NHA

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to counsel of record.

>                     */s/ Karyna Valdes*
>                     Karyna Valdes
>                     Assistant United States Attorney
>                     Florida Bar No. 0122261
>                     400 N. Tampa St., Ste. 3200
>                     Tampa, FL 33602-4798
>                     Telephone: (813) 274-6000
>                     Facsimile: (813) 274-6358
>                     E-mail: Karyna.Valdes@usdoj.gov