UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO: 8:23-cr-411-KKM-NHA

v.

ABRAHAM OTHMAN YACOUB

      Defendant,

**AMENDED DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW**, Defendant, **ABRAHAM OTHMAN YACOUB**, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553, and makes this his Sentencing Memorandum, and respectfully says:

A. **Mitigation and Downward Adjustment Bases**

The defendant respectfully requests that this Honorable Court sentence the defendant to a sentence of no greater than 0-6 months. Courts ought to impose sentences that "are not greater than necessary" to comply with the need for the sentence imposed (18 USC § 3553(a) and (a)(2)). The Courts when determining the particular sentence to be impose ought to consider the 7 factors and/or policy statements outlined in 18 USC § 3553(a)(1)-(7):

(a) Factors to be considered in imposing a sentence. —

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> > (2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines —

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

AND

(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

(5) any pertinent policy statement —

(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

### B. Reasons to Vary Downward

#### I. *Personal Mitigation Factors, 18 USC § 3553*

As outlined in the following paragraphs, the defendant has several personal mitigating factors that warrant a downward departure:

Yacoub was born on January 29, 1998, in Lakeland, Florida, to Othman Abraham Yacoub and Laila Ayyad. His father died in 2012 due to a heart attack, leaving Yacoub to become the primary provider for his family at a young age. Raised in a loving, abuse-free home, Yacoub has no history of substance abuse or criminal activity prior to this incident. His mother, aged 63, resides in Florida as a homemaker. He has two siblings: Yacoub Othman Yacoub, who works at a Publix grocery warehouse in Florida, and Sara Othman Yacoub, a homemaker in the Palestinian territories.

Despite being born in the United States, Yacoub spent his formative years in the Palestinian territories, returning to the U.S. at the age of 18. After his father's passing, he worked at his father's toy store to support his family. This early responsibility contributed to his work ethic and dedication to his family, which are commendable qualities that should be taken into consideration.

Yacoub has a high school diploma and attended Polk State College with a focus on accounting and business management. He has a strong work history, having been employed in various capacities since the age of 12. He currently owns and operates two businesses, Visionary Auto Body and Visionary Auto Care, which provide significant economic support for his family.

Yacoub has a minimal history of substance use, having used alcohol and marijuana infrequently, and has ceased their use in adherence to his religious beliefs. He does not have a history of substance abuse treatment, and his usage does not appear to have been problematic.

As indicated in paragraph 92, the probation officer identified, in part, "the following factors that may warrant a variance from the advisory guideline system[1]: **18 U.S.C. §3553(a)(1) - The defendant's history and characteristics; namely, the loss of his father at an early age**."

As a result of the above, the defendant is asking that this court impose a sentence of no more than 0-6 months.

II.     *Personal Cost to Defendant and his Family; Cost to Society of Lengthy Incarceration (Sufficient but not greater than necessary)*

Defendants ought to be sentenced to enough incarceration to satisfy "sufficient[ly]" the goals of punishment in sentencing factors and commission policy, while avoiding any "greater than necessary" expense and punishing sentence. A sentence which exceeds one that is sufficient, will be "unreasonable" and "unfair". *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) (According to the Federal Defender, infra, the Court in *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) imposed a 126 months sentence because the career offender guideline range of 188 - 235 months, was greater than necessary to satisfy sentencing purposes, in part due to Sentencing Commission study on unfairness of career offender designation, Federal Defender, at p.17 – 847. Defending a Federal Criminal Case, 2010 Edition, Vol. II, Federal Defenders of San Diego, Inc. ("Federal Defender")).

---

[1] "Presentation of information regarding variances in this section does not necessarily constitute a recommendation by the probation office for such variances."

Yacoub has demonstrated notable financial responsibility throughout his life, managing to support his family and maintain employment from a young age. Despite his current incarceration, he has continued to manage his financial affairs effectively. Yacoub has never filed for bankruptcy, indicating his ability to handle financial obligations responsibly even under challenging circumstances.

Yacoub owns two businesses, Visionary Auto Body and Visionary Auto Care, both located in Tampa, Florida. These businesses are valued at approximately $150,000 each. The income generated from these businesses has not only supported Yacoub but also provided for his family, showcasing his entrepreneurial skills and dedication to his family's well-being. However, due to his current custody status, Yacoub is not generating any active income from these businesses. The businesses' operations have been significantly impacted, limiting their ability to produce the necessary revenue.

Additionally, Yacoub has an SBA loan of $98,000, which he utilized to purchase equipment and support his employees during the COVID-19 pandemic. This loan represents a substantial financial obligation that Yacoub is committed to repaying. Given his current financial situation, Yacoub does not have the means to pay a substantial fine within the applicable guideline range. His financial resources are primarily tied up in the businesses and are being used to meet essential obligations and support his family. Imposing a significant fine would not only be beyond Yacoub's current financial capability but also detrimental to his family's financial stability.

Yacoub's financial condition, combined with his family responsibilities, supports the argument for a lenient sentence. His commitment to his family's financial well-being and his ability to manage his businesses responsibly, even from a distance, demonstrate his potential for

rehabilitation and reintegration into society. A sentence of no greater than 0-6 months would allow Yacoub to continue supporting his family and contributing positively to the community.

In light of these factors, the personal cost to the defendant and his family would be great. The defendant is seeking to be sentenced to no more than 0-6 months to minimize the financial burden he would be on the government and to ease the burden on his family.

### C. Additional Objections

The defendant objects to paragraph 22, specifically the 15-level enhancement pursuant to §2K1.5(b)(1). While the defendant accepts responsibility for leaving the firearm, loaded with 14 rounds of ammunition, in a public restroom, it is important to note that, as stated in paragraph 9, "once in the public restroom, [the defendant] removed the firearm from his backpack, wrapped it in paper towels, and hid it in the trashcan."

There is no evidence to support the claim that by leaving the firearm hidden in the trashcan, covered with paper towels, the defendant acted with reckless disregard for human life or without regard for the safety of human life. No reasonable person would believe that an innocent bystander would intentionally rummage through a trashcan looking for valuable items or randomly search a trash-filled trashcan for a firearm. The likelihood of someone discovering the firearm in these circumstances and then using it to harm another person is extremely low. It is far more plausible that the trash would have been collected by custodial workers and disposed of with other waste, making the firearm inaccessible to anyone.

Furthermore, the defendant specifically pled guilty to 49 U.S. Code § 46505(b)(1), which carries a maximum penalty of ten years and does not include provisions for acting "willfully and without regard for the safety of human life, or with reckless disregard for the safety of human

life." In contrast, 49 U.S. Code § 46505(c) addresses penalties for "CRIMINAL PENALTY INVOLVING DISREGARD FOR HUMAN LIFE" and includes harsher penalties for such conduct. The commentary to §2K1.5 provides further clarification:

> "Statutory Provision: 49 U.S.C. § 46505 (formerly 49 U.S.C. § 1472(1)). Background: This guideline provides an enhancement where the defendant was a person prohibited by federal law from possession of the weapon or material. A decrease is provided in a case of mere negligence where the defendant was otherwise authorized to possess the weapon or material."

### D.  Additional Argument

The United States Probation Office disagrees with the objection based on the following analysis:

> In this case, Yacoub left a firearm loaded with 14 rounds of ammunition unattended in a public restroom of a relatively large and active international airport. Yacoub did not remove the ammunition from the firearm prior to leaving it unattended, nor was there any form of lock on the gun to prevent it from firing. Even if no one found the firearm in the trash can, the handgun could have unintentionally discharged if the trash bag was handled too roughly or dropped to the ground. For instance, in *A. Uberti and C. v. Leonardo*, 181 Ariz. 565, 892 P.2d 1354, 1356 (1995), there are many documented injuries from accidental discharges. Similarly, in J*ohnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1532 (10th Cir. 1986), there are discussions of "drop-fire" incidents where a gun with a bullet in the chamber can discharge when the hammer receives a sharp blow, such as when the gun is dropped and lands hammer-first.
> By voluntarily leaving the loaded firearm unattended in a public restroom at an international airport, Yacoub committed the offense willfully and without regard for the safety of human life. Based on a totality of the circumstances, this enhancement has been correctly applied, and no changes have been made to the presentence report.

However, the defense has presented the following information for consideration: A Glock does not have a conventional safety lever. Instead, it has three safety features designed to prevent accidental discharge:[2]

---

[2] https://us.glock.com/en/LEARN/GLOCK-Pistols/Safe-Action-System#:~:text=The%20trigger%20safety%20is%20designed,the%20pistol%20may%20be%20loaded.

7

1. **Drop Safety**: Prevents the weapon from discharging if accidentally dropped.
2. **Trigger Safety**: A small lever on the trigger prevents accidental activation.
3. **Slide Safety**: Prevents the weapon from discharging if the slide is moved backward by more than a millimeter. This safety is typically engaged by placing the weapon in a holster.

In light of this information, the defendant respectfully requests that his objection be sustained.

## CONCLUSION

In short, the defendant seeks a downward variance based on his personal situation and the need to continue to provide for his family.

**WHEREFORE**, the Defendant, **ABRAHAM OTHMAN YACOUB**, by and through his undersigned counsel, has made this his sentencing memorandum.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been Furnished by Electronic Delivery via CM/ECF, Office of the United States Attorney, on this 24th day of July, 2024.

**/s/ BRYANT R. CAMARENO**
**BRYANT R. CAMARENO, P.A.**
**Florida Bar No.: 048283**
**607 W. M.L.K. Boulevard**
**Tampa, Florida 33603**
**Tel: (813) 234-4759**
**Bryant@camarenolaw.com**
**Attorney for Defendant**